## MINNIE FITZGERALD v. M. X. KAISER.[1]

April 18, 1935.

No. 30,144.

*R. R. Barry,* for appellant.
*Grannis & Grannis,* for respondent.

PER CURIAM.

Replevin for certain corn raised by defendant under a cropping contract with plaintiff. Plaintiff got a directed verdict for possession of the corn. There was also litigated a counterclaim by defendant for certain labor performed by him for plaintiff. The sum due him was fixed by a special verdict at $165. Plaintiff's motion for a new trial was denied upon condition that defendant consent to the reduction to $101. That consent given, plaintiff appeals from the order denying her a new trial.

The case was so tried and upon such evidence that we need not reëxamine the merits. Questions of fact are involved which are settled by the verdicts. The only question requiring consideration

[1]Reported in 260 N. W. 294.

arises upon an assignment of error challenging the exclusion of evidence offered by plaintiff of certain alleged breaches by defendant of the cropping contract.

That contract, as to crops raised thereunder on shares, reserved title to plaintiff, as landowner, until division. On division, she was entitled to retain enough of defendant's share "to repay any and all advances" made to him by plaintiff. There was also provision that in case of defendant's failure to perform any of the conditions of the contract plaintiff might enter upon said premises and do and perform all things agreed to be done by him, "and to retain or sell sufficient of the crops * * * that would otherwise belong to said first party [defendant] * * * to pay and satisfy all costs and expenses of every kind incurred in performing said contract." There is no claim that plaintiff ever so entered upon the premises to do anything left undone by defendant. The contract provided specially that defendant pay three dollars an acre for corn and pasture land. To secure that rental "and any advances made under this contract," defendant, in substance, mortgaged his undivided interest in and to all his share of the grain, including corn, and all the hay raised on the farm.

The ruling excluding the evidence of breach of contract by defendant, other than his nonpayment of advances by plaintiff, was correct. The special provision mortgaging the corn gave security only for payment of the cash rental reserved to, and "any advances" made by, plaintiff to defendant. To the extent that her cash rent was unpaid, the decision below protects her right. She gets possession of the corn. She is not entitled to hold the corn as security for, or to use the proceeds to pay, any other claims against defendant than those for cash rent and advances made. No advances are claimed to have been made.

The earlier and general mortgage provision in the contract is now of no avail to plaintiff for the simple reason that the proof offered by plaintiff did not show or tend to show a case coming within its coverage.

Order affirmed.